IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JAMAAL DEARRY, :
:
          Petitioner, :
:
v. :    Civil Action No. 17-1669-RGA
:
ROBERT MAY, Warden, and :
ATTORNEY GENERAL OF THE :
STATE OF DELAWARE, :
:
          Respondents.[1] :

## MEMORANDUM OPINION

Jamaal Dearry. *Pro se* Petitioner.

Brian L. Arban, Deputy Attorney General of the Delaware Department of Justice, Wilmington, Delaware. Attorney for Respondents.

January 28, 2021
Wilmington, Delaware

---

[1] The Court has substituted Warden Robert May for former Warden Dana Metzger, an original party to the case. *See* Fed. R. Civ. P. 25(d).

/s/ Richard G. Andrews
ANDREWS, UNITED STATES DISTRICT JUDGE:

Pending before the Court is an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition") filed by Petitioner Jamaal Dearry. (D.I. 1) The State filed an Answer in opposition, asserting that the Petition should be dismissed in its entirety as time-barred or, alternatively, as procedurally barred. (D.I. 13) The Court will deny the Petition as barred by the limitations period prescribed in 28 U.S.C. § 2244.

## I. BACKGROUND

On May 12, 2015, Petitioner pled guilty to one count each of possession of a firearm by a person prohibited ("PFBPP"), possession of a firearm during the commission of a felony ("PFDCF"), and drug dealing tier 2. (D.I. 13 at 1); *see State v. Dearry*, 2017 WL 3131106, at *1 (Del. Super. Ct. July 21, 2017). The Delaware Superior Court sentenced him on January 22, 2016 to a total of twenty years at Level V incarceration, suspended after fifteen years for probation. (D.I. 13 at 1); *see Dearry*, 2017 WL 3131106, at *2. Petitioner did not file a direct appeal.

On January 19, 2017, Petitioner filed a *pro se* motion for postconviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). (D.I. 12 at 5, Entry No. 24) The Superior Court denied the Rule 61 motion on July 24, 2017. (D.I. 12 at 6, Entry No. 35); *see Dearry*, 2017 WL 3131106, at *4. On November 27, 2017, Petitioner filed a notice of appeal from that decision, which the Delaware Supreme Court dismissed as untimely on March 1, 2018. (D.I. 12 at 7, Entry No. 38; D.I. 13 at 2)

Petitioner filed in this Court a form habeas petition in November 2017 which, instead of asserting grounds for relief, requested a stay for each claim in his then-pending post-conviction appeal. (D.I. 1 at 5-13) On December 8, 2017, Petitioner filed a Motion to Amend or Stay his

Petition, which included his Amended Petition. (D.I. 3 at 12-35) On March 25, 2018, the Court denied the Motion to Stay, but granted the Motion to Amend. (D.I. 4) On April 2, 2018, Petitioner filed a Motion to Lift the Stay (D.I. 5), which the Court dismissed as moot because the case had never been stayed (D.I. 7).

The Amended Petition asserts the following four grounds for relief: (1) trial counsel provided ineffective assistance by failing to seek to sever Petitioner's case from those of his co-defendants (D.I. 3 at 12-24); (2) trial counsel provided ineffective assistance by failing to file a motion to suppress the evidence the police seized from Petitioner's residence (*id.* at 24-32); (3) trial counsel's threats of a possible life sentence coerced Petitioner to enter a guilty plea and rendered his plea involuntary (*id.* at 32-33); and (4) cumulative error (*id.* at 34).

## II. ONE YEAR STATUTE OF LIMITATIONS

AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). AEDPA's limitations period is subject to statutory and equitable tolling. *See Holland v. Florida*, 560 U.S. 631 (2010) (equitable tolling); 28 U.S.C. § 2244(d)(2) (statutory tolling).

Petitioner does not assert, and the Court cannot discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D). Consequently, the Court concludes that the one-year period of limitations began to run when Petitioner's convictions became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner does not appeal a state court judgment, the judgment of conviction becomes final, and the statute of limitations begins to run, upon expiration of the time period allowed for seeking direct review. *See Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). In this case, the Superior Court sentenced Petitioner on January 22, 2016. Since Petitioner did not appeal that judgment, his conviction became final on February 22, 2016, when the time to appeal expired.[2] Applying the one-year limitations period to that date, Petitioner had until February 22, 2017 to timely file a habeas petition.[3] *See Wilson v. Beard*, 426 F.3d 653, 662-64 (3d Cir. 2005) (Fed. R. Civ. P. 6(a) applies to AEDPA's limitations period); *Phlipot*, 2015 WL 1906127, at *3 n. 3 (AEDPA's one-year limitations period is calculated according to the anniversary method, *i.e.*, the limitations period expires on the anniversary of the date it began to run). Petitioner,

---

[2] The thirty-day appeal period actually expired on February 21, 2016, which was a Sunday. Therefore, the appeal period extended through the end of the day on February 22, 2016. *See* Del. Sup. Ct. R. 11(a).

[3] The fact that 2016 was a leap year does not add an extra day under the anniversary method for calculating the limitations period. *See Phlipot v. Johnson*, 2015 WL 1906127, at *3 n. 3 (D. Del. Apr. 27, 2015).

3

however, did not file the instant Petition until November 17, 2017,[4] approximately nine months after that deadline. Thus, the Petition is time-barred and should be dismissed, unless the limitations period can be statutorily or equitably tolled. *See Jones,* 195 F.3d at 158. The Court will discuss each doctrine in turn.

### A. Statutory Tolling

Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's limitations period during the time the motion is pending in the state courts, including any post-conviction appeals, provided that the motion was filed and pending before the expiration of AEDPA's limitations period. *See Swartz v. Meyers,* 204 F.3d 417, 420-24 (3d Cir. 2000). The limitations period is also tolled for the time during which an appeal from a post-conviction decision could be filed even if the appeal is not eventually filed. *Id.* at 424. In contrast, the limitations period is not tolled during the ninety days a petitioner has to file a petition for a writ of certiorari in the United States Supreme Court regarding a judgment denying a state post-conviction motion. *See Stokes v. Dist. Attorney of Phila.,* 247 F.3d 539, 542 (3d Cir. 2001).

When Petitioner filed his Rule 61 motion on January 19, 2017, 331 days of AEDPA's limitations period had already lapsed since the convictions had become final on February 22, 2016.. The Superior Court denied the Rule 61 motion on July 24, 2017. Even though Petitioner filed a notice of appeal from that decision, the Delaware Supreme Court dismissed it as untimely. Consequently, the Rule 61 motion tolled the limitations period from July 24, 2017 through August 23, 2017, the last date Petitioner could have timely appealed the Superior Court's denial

---

[4]Although the Petition is not dated, it was filed electronically on November 17, 2017. *See Longenette v. Krusing,* 322 F.3d 758, 761 (3d Cir. 2003) (the date on which a prisoner transmitted documents to prison authorities for mailing is to be considered the actual filing date).

4

of his Rule 61 motion. *See Lewis v. Phelps*, 672 F. Supp. 2d 669, 672-73 (D. Del. 2009) (untimely notice of postconviction appeal did not trigger statutory tolling under §2244(d)(2) and petitioner's postconviction motion therefore only tolled the limitations period through the date on which the postconviction appeal period expired). The limitations clock started to run again on August 24, 2017, and ran the remaining thirty-four days without interruption until the limitations period expired on September 27, 2017. Thus, even with the statutory tolling resulting from his Rule 61 motion, Petitioner filed the instant Petition nearly two months too late. Accordingly, the Petition is time-barred, unless equitable tolling applies.

### B. Equitable Tolling

The one-year limitations period may be tolled for equitable reasons in rare circumstances when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649-50. With respect to the diligence inquiry, equitable tolling is not available where the late filing is due to the petitioner's excusable neglect. *Id.* at 651-52. As for the extraordinary circumstance requirement, "the relevant inquiry is not whether the circumstance alleged to be extraordinary is unique to the petitioner, but how severe an obstacle it creates with respect to meeting AEDPA's one-year deadline." *Pabon v. Mahanoy*, 654 F.3d 385, 401 (3d Cir. 2011). Notably, an extraordinary circumstance will only warrant equitable tolling if there is "a causal connection, or nexus, between the extraordinary circumstance [] and the petitioner's failure to file a timely federal petition." *Ross v. Varano*, 712 F.3d 784, 803 (3d. Cir. 2013).

Petitioner does not assert that any extraordinary circumstances prevented him from timely filing the instant Petition. To the extent Petitioner asserts his actual innocence as a way of

5

triggering equitable tolling, the attempt is unavailing. (D.I. 3 at 9-10) In *McQuiggin v. Perkins*, the Supreme Court held that a credible claim of actual innocence may serve as an "equitable exception" that can overcome the bar of AEDPA's one-year limitations period. *McQuiggin v. Perkins*, 569 U.S. 383, 386, 401 (2013); *see also Satterfield v. Dist. Attorney of Phila*, 872 F.3d 152, 162 (3d Cir. 2017) ("*McQuiggin* allows a petitioner who makes a credible claim of actual innocence to pursue his or her constitutional claims even in spite of AEDPA's statute of limitations by utilizing the fundamental-miscarriage-of-justice exception."). However, the *McQuiggin* Court cautioned that "tenable actual-innocence gateway pleas are rare," and a petitioner only meets the threshold requirement by "persuad[ing] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin*, 569 U.S. at 386. An actual innocence claim must be based on "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence [] that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

Here, Petitioner provides no support for his allegation that his case is linked to the Office of the Chief Medical Examiner ("OCME") drug scandal, which the Delaware State Police and the Delaware Department of Justice discovered in February 2014, and involved the OCME's laboratory testing of suspected narcotics in criminal cases before then. Nor can he do so, since the OCME scandal predated his offenses by about eight months. (D.I. 12-6 at 8-9) Consequently, Petitioner's bald and unsupported allegations of innocence do not assert or constitute new reliable factual evidence of his actual innocence as required by *McQuiggin* and *Schlup*.

6

Petitioner also has not demonstrated that he exercised the diligence in pursuing his claims that is required for equitable tolling. The obligation to act diligently "does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period [the prisoner] is exhausting state court remedies as well." *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005). Here, Petitioner has not explained his untimely Notice of Appeal in his Rule 61 proceeding, which resulted in the Delaware Supreme Court dismissing the appeal. The dismissal of the Rule 61 appeal as untimely significantly reduced the period allotted for statutory tolling. In turn, the fact that Petitioner requested to stay the instant habeas proceeding demonstrates that he was aware of AEDPA's limitations period when he filed the instant Petition, yet he has not provided an explanation for not filing the Petition sooner.[5] (*See* D.I. 1 at 13) To the extent Petitioner's late filing was due to a lack of legal knowledge or miscalculation of the one-year filing period, such circumstances do not warrant equitably tolling the limitations period. *See Taylor v. Carroll*, 2004 WL 1151552, at *5-6 (D. Del. May 14, 2004).

For all these reasons, the Court concludes that equitable tolling is not justified on the facts as presented by Petitioner. Accordingly, the Court will dismiss the instant Petition as time-barred.

## IV. CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011); 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on procedural grounds without reaching the

---

[5]Staying the Petition would not have changed the Court's determination that the Petition is time-barred. The Court has used the date on which the barebones Petition was filed (November 17, 2017) in its limitations analysis, thereby providing Petitioner with the most beneficial timeliness determination.

7

underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court concludes that the instant Petition is time-barred. In the Court's view, reasonable jurists would not find this conclusion to be debatable. Therefore, the Court will not issue a certificate of appealability.

## V.     CONCLUSION

For the reasons discussed, the Court will dismiss the Petition as time-barred. An appropriate Order will be entered.